**WHITE & CASE LLP**
Megan DePasquale   (MD 3622)
Alfred J. Lechner, Jr.  (AL 2495)
jlechner@whitecase.com
1155 Avenue of the Americas
New York, NY  10036-2787
Telephone:      (212) 819-8200
Facsimile:       (212) 354-8113
Attorneys for Defendant L.A. FITNESS INTERNATIONAL, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNA SAURO, on behalf of herself and all others similarly situated, : : : : : : : Plaintiffs, : : v. : : L.A. FITNESS INTERNATIONAL, : LLC t/a LA FITNESS, : : Defendant. : | Civil Action No. |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant L.A. Fitness International, LLC ("LA Fitness"), by and through its attorneys, hereby removes to this Court the state court action described below.

### JURISDICTION AND ASSIGNMENT TO COURT

1. This is a putative civil class action over which this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. §§ 1332(d)(2), 1441(a), and 1453(b). It is a putative civil class action in which diversity exists between at least one plaintiff and a defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the putative class consists of at least 100 members. *See* 28 U.S.C. § 1332(d)(2).

2. Removal to this Court is proper because the civil action is being removed from the Superior Court of New Jersey, Law Division, Camden County. *See* 28 U.S.C. §§ 1446(a), 1453(b).

3. Pursuant to 28 U.S.C. § 1446(d), defendant is serving a copy of this Notice of Removal on counsel for plaintiff and filing same with the Clerk of the Superior Court of New Jersey, Law Division, Camden County.

### STATE COURT ACTION

4. An action styled *Jenna Sauro, on behalf of herself and other persons similarly situated v. L.A. Fitness International, LLC t/a LA Fitness*, was commenced in the Superior Court of New Jersey, Law Division, Camden County, on May 4, 2012, and assigned Docket No. CAM-L-2051-12. A true copy of the summons and the complaint ("Complaint"), and the other documents served on LA Fitness is attached hereto as Exhibit A.

5. LA Fitness was served with the Complaint on May 21, 2012.

6. This Notice is timely under 28 U.S.C. § 1446(b), as it is made within 30 days of the date on which LA Fitness was served with a copy of the Complaint.

**GROUNDS FOR REMOVAL**

7. Congress enacted CAFA on February 18, 2005, "[t]o amend the procedures that apply to consideration of interstate class actions to assure fairer outcomes for class members and defendants." Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 4-14 (2005). CAFA amended the federal diversity statute. See 28 U.S.C. § 1332. Original jurisdiction for class actions is vested in Federal court where there is minimal diversity and the amount in controversy exceeds $5 million. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149, 151 n.8 (3rd Cir. 2009).

8. Minimal diversity exists here and the removal of this putative class action to Federal court is proper because: (1) the number of putative class members exceeds 100; (2) any class member is a citizen of a different state than any defendant; and (3) the amount in controversy of the combined claims of all class members exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6); Compl., ¶¶ 15, 35; Salcedo Decl., ¶¶ 7-9. A true copy of the Declaration of Suzzie Salcedo ("Salcedo Decl.") is attached hereto as Exhibit B.

9. <u>Numerosity</u>: Plaintiff Jenna Sauro brings this action on her own behalf and on behalf of similarly situated persons located in New Jersey who allegedly were "offered, displayed, given or signed form documents in New Jersey presented by defendant or their agents, the preprinted portions of which were identical or substantially similar to (1) the Release and Waiver of Liability and Indemnity provision and/or (2) the limitation on special damages provision contained in defendant's form membership agreement," Compl., ¶ 13, in violation of the New Jersey Consumer Fraud Act ("CFA"), the New Jersey Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), and the New Jersey Plain Language Act ("PLA"). *See* Compl. The Complaint alleges that "well over 500 persons were offered or signed the documents." Compl., ¶ 15. Since at least 2006, LA Fitness has used standard contracts for its New Jersey Membership Agreements that include the provisions that plaintiff alleges to be in violation of the CFA, the TCCWNA, and the PLA. Salcedo Decl., ¶ 8. Since February 23, 2006, LA Fitness has entered into over 225,000 new Membership Agreements at its New Jersey

clubs. Salcedo Decl., ¶ 7. CAFA's requirement that the proposed class include at least 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

10. <u>Diversity of citizenship</u>: Under 28 U.S.C. § 1332(d)(2), the diversity of citizenship requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). LA Fitness was at the time of the filing of this action, and remains, a limited liability company organized under the laws of the state of California, with its principal place of business in Irvine, California. Salcedo Decl., ¶ 3. Because LA Fitness is organized under the laws of California and its principal place of business is in California, LA Fitness is a citizen of California. 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC, LLC*, 591 F.3d 698, 700 (4th Cir. 2010); *Coleman v. Chase Home Fin., LLC*, No. 08-2215, 2009 WL 1323598, at *2 (D.N.J. May 11, 2009). Plaintiff Jenna Sauro is a citizen of New Jersey. Salcedo Decl., ¶ 9. Diversity of citizenship exists because plaintiff Jenna Sauro and defendant LA Fitness are citizens of different states. The complete diversity between the named plaintiff and LA Fitness not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes the "local controversy" or "home state" exceptions in 28 U.S.C. §§ 1332(d)(3) and 1332(d)(4).

11. <u>Amount in controversy</u>: Under 28 U.S.C. § 1332(d)(2), the amount in controversy requirement is met if the matter in controversy of the combined claims of all class members exceeds $5 million, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), (6). Here, the Complaint alleges that plaintiff and each class member is entitled to recover damages for each of LA Fitness's alleged violations of the TCCWNA. Compl., ¶ 35. The TCCWNA provides for damages in the amount of one hundred dollars ($100) per violation. N.J. Stat. Ann. § 56:12-17. Because LA Fitness has used standard contracts for its New Jersey Membership Agreements since at least 2006 that include provisions that plaintiff alleges to be in violation of the TCCWNA and because LA Fitness has entered into over 225,000 new Membership Agreements since February 23, 2006 (*see* Salcedo Decl., ¶¶ 7-8), the amount in controversy exceeds $5 million: TCCWNA's minimum fine of $100 per violation multiplied by at least 225,000 putative members of plaintiff's proposed class yields an amount in controversy in excess

LOSANGELES 954578 (2K)

of $5 million.

12. This action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. §§ 1332(d) and 1446.

Dated: June 18, 2012

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York  10036
*Attorneys for Defendant*
*LA Fitness International, LLC*

By: ___*Megan DePasquale*___
Megan DePasquale
(MD 3622)
mdepasquale@whitecase.com

Alfred J. Lechner, Jr.
(AL 2495)
jlechner@whitecase.com