# EXHIBIT A

# LOCKS LAW FIRM, LLC

457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
T 856.663.8200
T 866.LOCKSLAW
F 856.661.8400
www.lockslaw.com

Gene Locks
James J. Pettit††
Michael A. Galpern††
Karl Friedrichs

Steven P. Knowlton
Michael B. Leh
Jonathan W. Miller
Jerry A. Lindheim
Andrew P. Bell
David D. Langfitt
Andrew J. Dupont

Jennifer E. Troast
Franklin P. Solomon
Pamela A. Lee
Stefanie G. Ebert
Stephanie R. Milstein
Priscilla E. Jimenez

*Of Counsel:*

Lee S. Goldsmith, M.D., LLB†*
Goldsmith Ctorides & Rodriguez, LLP†*
www.goldsmithlegal.com

Charles N. Riley, Esq.
criley@rileyandsandilos.com

††CERTIFIED BY THE SUPREME COURT
OF NJ AS A CIVIL TRIAL ATTORNEY

DIRECT DIAL:

Via New Jersey Lawyers Service

May 17, 2012

LA Fitness
4300 Dearborn Circle
Mount Laurel, NJ 08054

RE: <u>Jenna Sauro, on behalf of herself and other persons similarly situated, v. L.A. Fitness International, LLC, t/a LA Fitness</u>
Docket No.: CAM-L-2051-12

Dear Sir or Madam:

Please be advised that you have been named as a defendant in the above-captioned case. I am herewith serving on you the following documents:

- Summons
- Class Action Complaint with Jury Demand
- Track Assignment Notice
- Case Information Statement

An Answer to this Complaint must be filed within the time specified in the Summons. If you fail to file an answer within that period of time, a default judgment may be entered against you without further notice.

Very truly yours,
LOCKS LAW FIRM LLC

Michael A. Galpern

MAG/mlc
Enclosure

**LOCKS LAW FIRM, LLC**
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
457 Haddonfield Road
Suite 500
Cherry Hill, New Jersey 08002
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

Attorney for Plaintiffs

| | |
|---|---|
| **JENNA SAURO,** on behalf of herself and other persons similarly situated<br>Plaintiffs<br><br>v.<br><br>**L.A. FITNESS INTERNATIONAL, LLC t/a LA FITNESS**<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: CAM-L-2051-12<br><br>Civil Action<br><br>**SUMMONS** |

*From The State of New Jersey, To the Defendant(s) Named Above:*

**LA FITNESS**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court in the amount of $135.00 and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named

above. A telephone call will not protect your rights; you must file and serve a written answer or motion and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Service office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ *Jennifer M. Perez*
JENNIFER M. PEREZ, Acting Clerk
Superior Court of New Jersey

Dated: May 17, 2012

Name of Defendant to be Served:    LA Fitness

Address of Defendant to be Served: 4300 Dearborn Circle
Mount Laurel, NJ 08054

Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: ☐CK ☐CG ☐CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME MICHAEL A GALPERN | TELEPHONE NUMBER (856) 663-8200 | COUNTY OF VENUE Camden |
|---|---|---|
| FIRM NAME (if applicable) LOCKS LAW FIRM LLC | | DOCKET NUMBER (when available) L-2051-12 |
| OFFICE ADDRESS 457 HADDONFIELD ROAD, SUITE 500, CHERRY HILL, NJ 08002 | | DOCUMENT TYPE COMPLAINT |
| | | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) JENNA SAURO, on behalf of herself and other persons similarly situated | CAPTION JENNA SAURO, on behalf of herself and other persons similarly situated v. LA FITNESS INTERNATIONAL LCC t/a LA FITNESS |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 599 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ■ BUSINESS ☐ OTHER (explain) |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _[signature]_

Effective 06/20/2011, CN 10517-English                                                                            page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280  ZELNORM
- 285  STRYKER TRIDENT HIP IMPLANTS
- 288  PRUDENTIAL TORT LITIGATION
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION

**Mass Tort (Track IV)**
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

**LOCKS LAW FIRM, LLC**
Michael A. Galpern, Esquire
Andrew P. Bell, Esquire
457 Haddonfield Road
Suite 500
Cherry Hill, New Jersey 08002
(856) 663-8200

**LAW OFFICES OF CHARLES N. RILEY, LLC**
By: Charles N. Riley, Esquire
900 N. Kings Highway
Suite 308
Cherry Hill, New Jersey 08034
(856) 667-4666

Attorney for Plaintiffs

| | |
|---|---|
| JENNA SAURO, on behalf of herself and other persons similarly situated<br>Plaintiffs<br><br>v.<br><br>L.A. FITNESS INTERNATIONAL, LLC t/a LA FITNESS<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: CAM-L- 2051-12<br><br>Civil Action<br>**CLASS-ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Jenna Sauro, by way of Complaint against Defendant on behalf of herself and others similarly situated, says:

1. This is a class-action complaint brought to obtain declaratory, injunctive and monetary relief for a class of consumers victimized by the unconscionable business practices of defendant, in violation of the New Jersey Consumer Fraud Act (CFA) the New Jersey Truth in Consumer Contract, Warranty and Notice Act (TCCWNA) and the New Jersey Plain Language Act (PLA), as well as other statues and common law precedent.

Specifically, this class-action challenges deceptive and unconscionable practices by defendant, requiring consumers to sign a form contract containing a hidden "Release and Waiver of Liability and Indemnity." The defendant's use of the aforesaid form is designed to permit the defendant to engage in misrepresentations, deceptive and unconscionable commercial practices, deter consumers such as plaintiff from pursuing their clearly established legal rights under New Jersey law and misrepresent to consumers that they and their minor children may not bring actions in the New Jersey courts to seek remedies regarding defendant's negligent conduct of any kind at defendant's facilities. In addition the form contract provides that defendant is in no event liable for special, incidental or consequential damages in violation of the aforesaid consumer protection statutes.

2. Defendant offers, displays, markets, and sells health club membership agreements through a network of health club facilities located in New Jersey, including Camden County, and in media advertisements, including but not limited to the internet, to New Jersey consumers.

3. Defendant is subject to the aforesaid consumer protection statutes such as the New Jersey Consumer Fraud Act, New Jersey Plain Language Act and the New Jersey Truth in Consumer Contract Warranty and Notice Act.

4. The conduct of the defendant described herein, and the action of the defendant in dealing with plaintiffs not otherwise described herein, is part of a fraudulent and unconscionable scheme to deter and prevent consumers such as plaintiff from pursuing remedies for clearly established legal rights against defendant under New Jersey law.

## FACTS

5.  Plaintiffs repeat all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

6.  On March 21, 2011, plaintiff Jenna Sauro purchased a health club membership from defendant for an initiation fee of $199.00 and a monthly payment of $26.74 plus sales tax.

7.  Plaintiff signed defendant's form membership agreement which contained a "Release and Waiver of Liability and Indemnity."(Attachment A)

8.  The form contract signed by plaintiff (Attachment A) contains more than 3000 words.

9.  The agreement also contained a provision which stated that in no event shall LA Fitness be liable for any special, incidental or consequential damages.

10. The defendant's form contract of adhesion violates the above listed consumer protection statutes, including but not limited to the following:

   a. It misrepresents to consumers that defendant is held harmless from any claims by or actions for liability to consumers and their minor family members for the negligent conduct of the defendant.

   b. It misrepresents to consumers that consumers must indemnify defendant from any loss, liability, damage or cost to consumers and their minor family members resulting from any use of the defendant's facility, including loss caused by the negligence of defendant.

LOCKS LAW FIRM LLC • ATTORNEYS AT LAW
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

c. It deters consumers from exercising clearly established legal rights for themselves and their family members in the event of defendant's negligent conduct.

d. It misleads and deceives consumers as to their clearly established legal rights for themselves and their family members in the event of defendant's negligent conduct.

e. It fails to inform consumers that they have clearly established legal rights for themselves and their family members in the event of defendant's negligent conduct.

f. It requires consumers to unknowingly waive clearly established legal rights for themselves and their family members in the event of defendant's negligent conduct.

g. It unconscionably requires consumers to indemnify defendant for the consumer exercising clearly established legal rights for themselves and their family members in the event of defendant's negligent conduct.

h. The defendant's special damages provision prohibits an award of treble damages in direct contravention of the New Jersey Consumer Fraud Act and TCCWNA;

i. The form contract is greater than 3000 words and does not contain a table of contents and does not highlight for consumers exceptions to the main conditions of the agreement in violation of the Plain Language Act.

    j.  The form contract hides the unconscionable release and indemnity provision in fine print less than 10 point font in violation of the Plain Language Act.

12.  As a result of the aforesaid violations, misrepresentations, deception, fraud, and unconscionable commercial practices, plaintiffs have sustained damages and an ascertainable loss.

## CLASS ACTION ALLEGATIONS

13.  Plaintiffs bring this action as a Class Action pursuant to Rule 4:32 on behalf of the class defined as:

    a.  **All persons, who since January 26, 2006, have been offered, displayed, given or signed form documents in New Jersey presented by defendant or their agents , the preprinted portions of which were identical or substantially similar to (1) the Release and Waiver of Liability and Indemnity provision and/or (2) the limitation on special damages provision contained in defendant's form membership agreement (Attachment A).**

14.  The class for those whose benefit this action has been brought is so numerous that joinder of all members is impracticable.

15.  Upon information and belief, during the relevant time period, well over 500 persons were offered or signed the documents (Attachment A) of the type offered to Plaintiff and offered and issued by Defendant or their agents.

16.  There are common questions of law and fact effecting the rights of all class members, including the following:

a. Whether Defendant's form membership agreement violated the New Jersey Consumer Fraud Act, New Jersey Plain Language Act and/or the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act.

b. Whether defendant's failure to include a table of contents in its **form** contract and the use of small font less than 10 points violated the New Jersey Plain Language Act.

c. Whether the class is entitled to a class-wide injunction barring Defendant from asserting or attempting to enforce the Release and Waiver of Liability and Indemnity provision contained in Attachment A;

d. Whether the class is entitled to a classwide injunction barring Defendant from asserting or attempting to enforce the special damages provision contained in Attachment A;

e. Whether Defendant is required to notify class members that the Release and Waiver of Liability and Indemnity provision contained in Attachment A is not enforceable;

f. Whether Defendant is required to notify class members that the special damages provision contained in Attachment A is not enforceable.

17. Plaintiff, Jenna Sauro, is a member of the class she seeks to represent and her claim is not only typical of all class members, it is identical. Plaintiff's claim arises from the same factual and legal basis as those of the class. Plaintiff has no interest antagonistic to, or in

conflict with, the class. Plaintiffs will thoroughly and adequately protect the interest of the class, having retained qualified and competent legal counsel to represent them and the class.

18. Defendant has acted on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

19. The prosecution of separate actions by individual class members will create a risk of inconsistent or varying adjudications.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Defendant's conduct and form contracts are designed to unconscionably deter Plaintiffs and members of the class from litigating disputes with the Defendant resulting from defendant's negligent conduct

## COUNT ONE

## (CONSUMER FRAUD)

22. Plaintiffs repeat all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. The aforesaid misrepresentations, predatory, deceptive, and unconscionable sales practices of defendant constitute violations of the New Jersey Consumer Fraud Act.

24. The conduct of the defendant represents per se violations of Consumer Protection statutes and regulations and as such, violate the New Jersey Consumer Fraud Act.

25. Defendant's conduct as set forth herein constitute an unlawful practice.

30. As a result of the violations of the New Jersey Consumer Fraud Act, plaintiffs have suffered an ascertainable loss.

## COUNT TWO
### (TRUTH IN CONSUMER CONTRACT, WARRANTY AND NOTICE ACT)

31. Plaintiffs repeat all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. The contract, that defendant relies upon, offered to and required plaintiffs to sign violated clearly established legal rights of plaintiffs.

33. As a result of the aforesaid violation, defendant has violated the New Jersey Consumer Contract, Warranty and Notice Act, NJS 56:12-13 et seq.

34. As a result of defendant's violations, plaintiffs are aggrieved consumers and have been damaged.

35. Pursuant to N.J.S.A. 56:12-17, Defendant is liable to Plaintiff and each class member for a minimum statutory penalty of $100.00 per member, as well as any actual damages and attorney's fees and costs

## COUNT THREE
### ( PLAIN LANGUAGE ACT)

36. Plaintiff repeats all preceding paragraphs as though fully set forth herein.

37. Defendant's conduct has violated the New Jersey Plain Language Act.

38. As a result of defendant's violations, plaintiffs have been damaged.

## COUNT FOUR:
### Declaratory/Injunctive Relief

39. Plaintiffs repeat all preceding paragraphs as though fully set forth herein.

40. Plaintiffs and the class are entitled to a declaratory judgment and/or injunctive relief in the form of an Order:

a. Declaring that Defendant are enjoined from requiring Plaintiffs and class members to sign form contracts containing the Release and Waiver of Liability and Indemnity provision contained in Attachment A.

b. Declaring that Defendant are enjoined from requiring Plaintiffs and class members to sign form contracts containing the special damages provision contained in Attachment A;

c. Requiring Defendant to provide notice to all class members that the aforesaid provisions contained in the contracts issued to the class members are void and unenforceable and that class members who signed such forms may still sue Defendant in Court and recover damages for defendant's negligent conduct.

d. Requiring Defendant to provide notice to all class members who may have been denied claims by Defendant for its negligent conduct pursuant to the Release and Waiver of Liability and Indemnity provision contained in Attachment A that such provision is not enforceable and that such class members may sue Defendant in Court and recover damages for defendant's negligent conduct.

**WHEREFORE**, Plaintiff, Jenna Sauro, on behalf of herself and others similarly situated, demands judgment and other relief for plaintiff and members of the class against the defendant as follows:

a. Certifying this matter as a class action pursuant to Rule 4:32;

b. Entry of an Order for the injunctive and declaratory relief described herein;

c. Civil penalties, attorneys fees and costs of suit;

d. Reformation of the provision contained in the defendant's contract;

e. Entry of judgment in favor of the Plaintiff and each class member for damages;

f. all other relief which the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Michael A. Galpern, Esq is hereby designated as trial attorney in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1 and N.J.S.A. 56:8-1 et. seq.

1. I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration procedure is contemplated.

3. I have no knowledge at this time of the names of any other parties who should be joined in this action.

4. I have forwarded a copy of this Complaint to the Attorney General of the State of New Jersey and Camden County and Burlington County Office of Consumer Affairs pursuant to N.J.S. 56:8-1 et. seq.

Attorney for Plaintiffs

Date: May 3, 2012

By: _____
Michael A. Galpern, Esq.

EXHIBIT A

## ADDITIONAL TERMS AND PROVISIONS

Except as otherwise stated herein, all notices to L.A. Fitness hereunder shall be mailed (certified or registered, return receipt requested) to P.O. BOX 54170, Irvine, CA 92619-4170 or to such other address designated for notice as posted at L.A. Fitness club facilities. All notices to member hereunder shall be mailed to the address member has provided in this Agreement or to such other address which member agrees to notify L.A. Fitness of in writing and in accordance with this paragraph. If any part of this Agreement is held by a court of competent jurisdiction to be void or unenforceable, the remainder of the terms and provisions of this Agreement shall remain in full force and effect and shall not be affected.
You agree to give us notice if your billing or Account information changes and you authorize us to seek and obtain information about changes in Account numbers and status from third parties, such as your bank or our credit card processor. If you decide to change your billing information, a 30-day notice may be required.

You (individually, if you are the Member, and as agent and/or guardian of Member) agree that Member, and Member's family members, and any guests and invitees shall be bound by this Agreement and the L.A. Fitness Membership Policies and Club Rules and Regulations provided herewith for the usage of L.A. Fitness Club facilities. You agree that the Membership Policies and Club Rules and Regulations may be revised, supplemented or amended in the sole and absolute discretion of L.A. Fitness and any such changes shall become immediately effective upon posting in the L.A. Fitness Club facilities.

Except as otherwise provided in this Agreement, the initiation fee is non-refundable. The initiation fee is not a prepaid sum for services; it merely entitles you to buy services by paying monthly dues and other applicable charges. Monthly dues also will be in the amount indicated hereinabove. It is guaranteed that your monthly membership dues will not increase for three years from the date of enrollment. You agree to pay dues in advance, for the first and last months of Membership. Termination of Membership will be effective only if the procedures described herein are followed. In case of a multi-member Membership, termination by one Member may cause the monthly dues rates applicable to the remaining Members to increase to the prevailing individual rates. Failure by any Member to use the Membership will not relieve you of your payment obligation regardless of the circumstances, as provided for below. If any payment of dues or other charges is not made on time, L.A. Fitness may, but is not obligated to, suspend or terminate your Membership. No refunds shall be made for Membership dues paid, except as specifically provided in this Agreement. In no event shall this Agreement require payments or financing or extend for a period that would give rise to a retail installment contract or be greater than that permitted under the laws of the State of New Jersey.

> **IMPORTANT: RELEASE AND WAIVER OF LIABILITY AND INDEMNITY.** You hereby acknowledge and agree that use by Member and/or by Member's minor children of L.A. Fitness' facilities, services, equipment or premises, involves risks of injury to persons and property, including those described below, and Member assumes full responsibility for such risks. In consideration of Member and Member's minor children being permitted to enter any facility of L.A. Fitness (a "Club") for any purpose including, but not limited to, observation, use of facilities, services or equipment, or participation in any way, Member agrees to the following: Member hereby releases and holds L.A. Fitness, its directors, officers, employees, and agents harmless from all liability to Member, Member's children and Member's personal representatives, assigns, heirs, and next of kin for any loss or damage, and forever gives up any claim or demands therefore, on account of injury to Member's person or property, including injury leading to the death of Member, whether caused by the active or passive negligence of L.A. Fitness or otherwise, to the fullest extent permitted by law, while Member or Member's minor children are in, upon, or about L.A. Fitness premises or using any L.A. Fitness facilities, services or equipment. Member also hereby agrees to indemnify L.A. Fitness from any loss, liability, damage or cost L.A. Fitness may incur due to the presence of Member or Member's children in, upon or about the L.A. Fitness premises or in any way observing or using any facilities or equipment of L.A. Fitness whether caused by the negligence of Member(s) or otherwise. You represent (a) that Member and Member's minor children are in good physical condition and have no disability, illness, or other condition that could prevent Member(s) from exercising without injury or impairment of health, and (b) that Member has consulted a physician concerning an exercise program that will not risk injury to Member or impairment of Member's health. Such risk of injury includes (but is not limited to): injuries arising from use by Member or others of exercise equipment and machines; injuries arising from participation by Member or others in supervised or unsupervised activities or programs at a Club; injuries and medical disorders arising from exercising at a Club such as heart attacks, strokes, heat stress, sprains, broken bones, and torn muscles and ligaments, among others; and accidental injuries occurring anywhere in Club dressing rooms, showers and other facilities. Member further expressly agrees that the foregoing release, waiver and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the State of New Jersey and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full force and effect. Member has read this release and waiver of liability and indemnity clause, and agrees that no oral representations, statements or inducement apart from this Agreement have been made.

L.A. Fitness makes no warranties or representations, express or implied, other than those set forth herein, and your sole and exclusive remedy in the event of any breach of this Agreement shall be cancellation of this Agreement. IN NO EVENT SHALL L.A. FITNESS BE LIABLE FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES. In addition to the other dues, fees and charges provided for in this Agreement, you agree to pay a $10.00 service fee for any item or direct charge memo not paid by your financial institution or account when presented for payment by L.A. Fitness.

Any active membership in good standing may be placed on an inactive status (frozen) pursuant to L.A. Fitness' current policy. L.A. Fitness may assign this Agreement, including Member's payment obligation herein.
The Member shall notify L.A. Fitness of any cancellations or termination of this Agreement in writing by certified or registered mail, return receipt requested, or by personal delivery to either the address specified in this Agreement for notice or to the club of enrollment.
If the Member has a change of permanent residence further than 25 miles from the L.A. Fitness Club facility, or an affiliated health club offering the same or similar services and facilities at no additional expense to the buyer, Member may terminate this Agreement by supplying written notice and proof of the new permanent residence. L.A. Fitness may retain a prorated share of the total Agreement price based upon the date the notice was received, plus reimbursement for expenses in the amount of up to 10% of the total Agreement price.
If Member dies or becomes permanently disabled and the disability is fully described and confirmed to L.A. Fitness by a physician, this Agreement may be canceled by written notice sent as provided for above. L.A. Fitness may retain the portion of the total Agreement price representing the services used plus reimbursement for expenses incurred in the amount of up to 10% of the total Agreement price.
If the L.A. Fitness Club facilities are unavailable to Member for a continuous period in excess of 30 days, the Member is entitled to either extend the Agreement for a period equal to that during which the facility is closed or received a prorated refund for a period equal to that during which facility is closed. Or receive a prorated refund of the amount paid by the Member under the Agreement. L.A. Fitness, in it sole and absolute discretion, reserves the right to close any L.A. Fitness Club and/or change existing L.A. Fitness Club rules, regulations, conditions, guidelines, facilities, classes, programs and hours of operation. Classes, facilities, parking and equipment are available subject to demand and may be crowded at peak hours or may be discontinued or times changed if demand fluctuates. Other Club facilities may be built, acquired, reopened, or converted after the date of your agreement which may be excluded from your membership at the sole discretion of L.A. Fitness.

If the member sustains any loss or damage as a result of the breach of contractor bankruptcy by L.A. Fitness, the member may contact the New Jersey Director of the Division of Consumer Affairs, with whom L.A. Fitness has registered and has a bond on file.

In the event Member, or any of Member's family or an invitee of Member, violates any of the terms or provisions of this Agreement or the L.A. Fitness Membership Policies and Club Rules and Regulations, L.A. Fitness may suspend their right to use the Club facilities and the services until such time as Member, or Member's family Members, have abided by and fully complied with the terms and provisions of this Agreement and the L.A. Fitness Membership Policies and Club Rules and Regulations. Member shall not be entitled to any refund, credit or abatement of Membership dues for the period during which the Membership was suspended. If Member, or Member's family or an invitee of Member, thereafter violates any of the terms and provisions of this Agreement or the L.A. Fitness Membership Policies and Club Rules and Regulations, L.A. Fitness may terminate Member's Membership and the right to use the L.A. Fitness facilities without reimbursement. L.A. Fitness also reserves the right to terminate the Membership for any reason whatsoever upon written notice and a refund of the pre-paid dues, if any.

```
CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN            NJ 08103                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS
                                    DATE:   MAY 04, 2012
                                    RE:     SAURO VS LA FITNESS INTERNATIONAL LLC
                                    DOCKET: CAM L -002051 12

         THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

         DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

         THE PRETRIAL JUDGE ASSIGNED IS:  HON DEBORAH SILVERMAN KATZ

         IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    201
AT:  (856) 379-2200 EXT 3060.

         IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
         PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                                ATTENTION:
                                              ATT: MICHAEL A. GALPERN
                                              LOCKS LAW FIRM LLC
                                              457 HADDONFIELD ROAD
                                              SUITE 500
                                              CHERRY HILL       NJ 08002

JUAXT5
```